# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH P. GARCIA,

        Petitioner,

vs.                                                  Civil No. 01-244 MV/WWD

TIM LEMASTER, Warden,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
**Proposed Findings**

    1. THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed April 6, 2001 **[docket # 11]**. Petitioner has not filed a response. Respondent seeks dismissal of Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that the petition is time-barred under the one-year statute of limitations period as set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). AEDPA established a one-year time limitation for filing federal habeas petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The new limitation in AEDPA also provides for tolling of the one-year period while post-conviction or collateral review is pending. § 2244(d)(2).

    2. Petitioner was sentenced pursuant to a Plea and Disposition agreement on July 22,

1998.  Ans., Ex. A.  Because he did not file a direct appeal, his judgment became final on August 21, 1998, thirty days after judgment.  N.M.Stat.Ann.1978, § 12-201 (notice of appeal shall be filed within thirty days after judgment).[1]  He filed this federal habeas petition on March 1, 2001.

    3.  Petitioner filed an application for habeas relief in state court on August 3, 2000, which was denied on September 26, 2000.  Ans., Exs. D, E.  He did not file his Petition for a Writ of Certiorari with the state supreme court until December 1, 2000.  Ans., Ex. G.  The petition was denied on December 7, 2000 on the grounds that it was not timely filed.  Ex. H.

    4.  Petitioner's state habeas applications were pending in state court for a total of 54 days (August 3, 2000 when the petition was filed until denial on September 26, 2000), making October 15, 1998 (adding 54 days to the time his conviction became final) the new deadline for filing his federal habeas petition.[2]  Under AEDPA's one-year limitations period, the present petition is over two and a half years late.[3]

    5.  Petitioner has not presented, nor do I find that any of the equitable tolling provisions of

---

[1] Where petitioner does not seek direct review and therefore no state court of last resort ruled on his appeal, petitioner cannot include the ninety day period during which petitioner might have filed a writ of certiorari with the United States Supreme Court in the tolling calculus for determining when the conviction became final.  See Fitts v. Williams, No. 00-2175, 2000 WL 1480494 (10th Cir. 2000 N.M.).

[2] The time in which his petition for a writ of certiorari was pending in the state supreme court is not counted in the tolling time.  A prerequisite for tolling the entire period from the filing of a state petition to the denial of a writ of certiorari by the state supreme court is a timely filed certiorari petition. See Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The petition in this case was deemed untimely by the state supreme court.  Ans., Ex. H.

[3] Under a simpler analysis, one could note that because state post-convictions proceedings are tolled only during the one-year limitations period under AEDPA and in this case petitioner did not file his first state habeas petition until *after* the limitations period expired, his state habeas petitions do not get the benefit of the tolling provision.

§ 2242(d)(2) are implicated. Accordingly, federal review of the present petition is barred because it is untimely and Respondent's Motion to Dismiss should be granted.

## Recommendation

I recommend that Respondent's Motion to Dismiss **[docket # 11]** be GRANTED, that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be DISMISSED WITH PREJUDICE IN ITS ENTIRETY.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*[signature]*
UNITED STATES MAGISTRATE JUDGE